# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MOSES M. STEVENS,

          :

          Petitioner,                            Case No. 3:04-cv-157

          :               District Judge Walter Herbert Rice

     -vs-                            Magistrate Judge Michael R. Merz

DAVE BOBBY, Warden,

          :

          Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This is an action for a writ of habeas corpus brought *pro se* by Petitioner Moses Stevens. (Petition, Doc. No. 1.)  Upon the Court's Order, Respondent has answered the Petition (Return of Writ, Doc. No. 4) and Petitioner has filed a Traverse (Doc. No. 7).

Petitioner was convicted in the Montgomery County Common Pleas Court on several felony counts, including aggravated robbery and aggravated burglary, with firearm specifications, and sentenced to an aggregate term of twenty years imprisonment.  Represented by new counsel, he timely appealed raising the following assignments of error:

> 1. The trial court errored [sic] by not sustaining Defendant's motion to suppress identification.
>
> 2. The conviction should be reversed because the conviction was clearly against the manifest weight of the evidence.
>
> 3. The trial court errored [sic] in not allowing the defense to fully explore the identification issue as part of the motion to suppress.

-1-

(Appellant's Brief, Ex. 8 to Doc. No. 4.) The court of appeals affirmed the conviction and Petitioner took no direct appeal to the Ohio Supreme Court.

Instead, represented by new retained counsel, Petitioner filed an application for reopening the direct appeal on grounds of ineffective assistance of appellate counsel (Application for Reopening, Ex. 11 to Doc. No. 4.) Specifically, he argued that original appellate counsel had been ineffective for failure to support the manifest weight assignment of error with a transcript of the trial proceedings and noted that the assignment of error had been overruled precisely on that ground. The Court of Appeals denied the application, however, holding that Petitioner had failed to demonstrate a reasonable probability of success if the appeal had been reopened. (Decision, Ex. 13 to Doc. No. 4.) Petitioner took a timely appeal to the Ohio Supreme Court which declined to consider the case.

Petitioner then filed a timely[1] Petition for habeas corpus in this Court. He raises one ground for relief, to wit, ineffective assistance of appellate counsel (Petition, Doc. No. 1, at 5). However, in the attached Memorandum he presented three issues for review:

> 1. Whether petitioner was denied due process of law when he was convicted where there was insufficient evidence to permit a rational fact finder to return a guilty verdict.

> 2. Whether petitioner's Sixth Amendment rights were violated by appellate counsel's deficient performance in failing to order up a complete trial record on direct appeals.

> 3. Appellate counsel was ineffective when he failed to recognize and raise conscience [sic] issues in the re-opening of the direct appeal, specifically the allied offense scheme regarding the five gun specifications which carried a mandatory fifteen year sentence pursuant to R.C. §2929.14(D)(1)(a) and 2941.145.

---

[1]Respondent concedes that the Petition was filed within the applicable one-year statute of limitations.

(Memorandum attached to Doc. No. 1 at 2-3.)  These three issues will be discussed *seriatim* below.

## Sufficiency of the Evidence

A claim that a person has been convicted on insufficient evidence states a claim for relief under the United States Constitution and therefore a claim which is cognizable in federal habeas corpus.  *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368  (1970); *Johnson v. Coyle*, 200 F. 3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F. 2d 792, 794 (6th Cir. 1990)(en banc).

However, before a federal constitutional claim can be presented in federal habeas it must have been "exhausted" in the state courts by fairly presenting the claim in a way in which the state courts can properly decide it.  *Levine v. Torvik*, 986 F. 2d 1506 (6th Cir. 1993); *Riggins v. McMackin,* 935 F. 2d 790 (6th Cir. 1991).  If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted.  *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002), *citing Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F. 3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

In this case, Petitioner's claim of insufficient evidence is not the same as his claim in the state courts that his conviction is against the manifest weight of the evidence.  In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review for manifest weight.   It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence
> is legally sufficient to sustain a verdict is a question of law. *State v.*

*Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."

When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (1st App. Dist. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Black contrasted the manifest weight of the evidence claim:

In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its

-4-

> way and created such a manifest miscarriage of justice that the
> conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, Par. 3 of the syllabus.  The consequences of the distinction are important for a

criminal defendant.  The State may retry a case reversed on the manifest weight of the evidence;

retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy

Clause.  *Tibbs v. Florida*, 457 U.S. 31, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982).

Because Petitioner never presented his insufficiency of the evidence claim to the state courts,

he has procedurally defaulted on the claim and cannot present it here.

### Failure to File Trial Court Transcript

In his second question presented for review, Petitioner claims his attorney on direct appeal,

Mr. William Daly, was constitutionally ineffective assistance by not filing a trial transcript so as to

permit the court of appeals to consider the manifest weight of the evidence argument.

As with any other federal constitutional claim, an assertion of ineffective assistance of

appellate counsel must first be presented to the state courts for their consideration before it is filed

in federal court.  The mechanism provided by state law for consideration of this type of claim is by

filing in the court of appeals an application for reopening of the direct appeal under Ohio R. App.

P. 26(B).  Petitioner did this through retained counsel, Mr. Matthew Arntz.  The court of appeals

considered the application on the merits and decided that Petitioner had failed to show he was likely

to succeed on the merits if the appeal was reopened.

The Supreme Court has recently elaborated on the standard of review of state court decisions

in federal habeas corpus:

The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002); *see also Woodford v. Visciotti,* 537 U.S. 19, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002)(per curiam)(Ninth Circuit reversed for not giving enough deference to California Sup. Ct. on ineffective assistance of trial counsel.) *Early v. Packer*, 537 U.S. 3; 123 S. Ct. 362; 154 L. Ed. 2d 263 (2002)(per curiam)(in order to avoid being contrary to Supreme Court precedent, a state court decision need not cite the

-6-

controlling precedent or even be aware of it "so long as neither the reasoning nor the result of the state-court decision contradicts them.")

The state court decision on this claim is quite cursory, a one-paragraph per curiam opinion. However, a state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S.C. §2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law. "'Adjudicated on the merits' has a well-settled meaning: a decision finally resolving the parties' claims, with *res judicata* effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Sellan v. Kuhlman*, 261 F.3d 303 (2d Cir. 2001). Under the Supremacy Clause, state courts are obligated to apply and adjudicate federal claims fairly presented to them. *Sellan, citing Testa v. Katt,* 330 U.S. 386, 67 S. Ct. 810, 91 L. Ed. 967 (1947).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F. 3d 674(6th Cir. 2000), *citing Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *Rust v. Zent*, 17 F. 3d 155, 161-62 (6th Cir. 1994). Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F. 3d 688 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F. 3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F. 3d 854, 880 (6th Cir. 2000)(*citing Strickland*).

The court of appeals' decision on the application for reopening amounts to a decision that,

regardless of whether failing to file the transcript on appeal falls below accepted standards of practice, Petitioner failed to show that he was in any way prejudiced by that failure.

Petitioner has failed to demonstrate to this Court that the court of appeals' decision was in any way an unreasonable application of clearly established federal law. That is to say, Petitioner has not demonstrated to this Court that the manifest weight of the evidence claim had so much merit that it clearly would have been successful if it had been properly raised on the first appeal. Victories on manifest weight claims are relatively rare in Ohio practice. Here there was no question that the alleged crimes had been committed; the issue was identification of Petitioner as the offender. The identification testimony was not overwhelming, but it was also uncontradicted.

Petitioner's second issue for review should therefore be denied on the merits.

## Ineffective Assistance on the Application for Reopening

Petitioner asserts in his third question presented for review that Mr. Arntz, who represented him on the application for reopening the direct appeal, also provided him with ineffective assistance of appellate counsel.

Only federal constitutional claims are cognizable in a federal habeas corpus case. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983). Petitioner asserts that Mr. Arntz's failure to provide him with effective appellate counsel on the application for reopening violates his Sixth Amendment right to effective assistance of counsel. However, post-conviction state collateral review is not a constitutional right, even in capital cases.

*Murray v. Giarratano*, 492 U.S. 1, 109 S. Ct. 2765, 106 L. Ed. 2d 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975); *Kirby v. Dutton,* 794 F. 2d 245 (6th Cir. 1986)(claims of denial of due process and equal protection in collateral proceedings not cognizable in federal habeas because not constitutionally mandated). *Accord, Greer v. Mitchell,* 264 F. 3rd 663, 681 (6th Cir. 2001); *Johnson v. Collins,* 1998 WL 228029 (6th Cir. 1998); *Trevino v. Johnson*, 168 F. 3d 173 (5th Cir.), *cert denied,* 120 S. Ct. 22 (1999); *Zuern v. Tate*, 101 F. Supp. 2d 948 (S.D. Ohio 2000), *aff'd.,*336 F.3d 478 (6th Cir. 2003).

There is no constitutional right to an attorney in post-conviction proceedings. Therefore a habeas petitioner cannot claim ineffective assistance of counsel in such proceedings. *Gulertekin v. Tinnelman-Cooper,* 340 F. 3d 415 (6th Cir. 2003), citing *Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

The critical question, then, is whether an application for reopening under Ohio App. R. 26(B) is part of the direct appeal process or is, instead, a collateral attack on the judgment of the court of appeals. Petitioner asserts it is part of the direct appeal process, relying on *White v. Schotten,* 201 F. 3d 743 (6th Cir. 2000). In *White*, the Sixth Circuit noted that the Ohio Supreme Court had held that an attack on the effectiveness of appellate counsel could not be made in state habeas corpus (citing *Manning v. Alexander*, 912 F. 2d 878, 882 (6th Cir. 1990)) or in a state post-conviction proceeding under Ohio Revised Code § 2953.21 (citing *State v. Murnahan*, 63 Ohio St. 3d 60, 584 N.E. 2d 1204 (1992)). The court reasoned

> If the application for delayed reconsideration is neither part of a state habeas nor state post-conviction proceeding, it must be a continuation of activities related to the direct appeal itself. Because a defendant is entitled to effective assistance of counsel on direct appeal, see Evitts v. Lucey, 469 U.S. 387, 396, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985), such an individual must be accorded effective assistance of

> counsel throughout all phases of that stage of the criminal proceedings.

201 F. 3d at 752-753. Thus the Sixth Circuit concluded that if the application for reopening was not part of either a state habeas or a state post-conviction proceeding, it must logically be a part of the direct appeal itself.

However, in *Lopez v. Wilson, supra*, the Sixth Circuit Court of Appeals overruled White v. Schotten and held that an application under Ohio App. R. 26(B) is not part of the direct appeal process in Ohio. It relied on *Morgan v. Eads,* 104 Ohio St. 3d 142, 818 N.E. 2d 1157 (2004), where the Ohio Supreme Court held that 26(B) proceedings are collateral in nature rather than part of the direct appeal.

Because the Sixth Circuit has now held that an Ohio 26(B) application is not part of the direct appeal process, Petitioner was not entitled to assistance of counsel in that proceeding. His Third Claim for Relief should thus be denied on the merits because it does not state a claim upon which relief can be granted in federal habeas corpus. That is, it was no deprivation of constitutional right to deprive Petitioner of effective assistance in filing the application, even assuming Mr. Arntz's performance fell below proper standards, a question on which the Magistrate Judge implies no opinion.

## Conclusion

The Petition should be dismissed on the merits. Because reasonable jurists would not

disagree with this conclusion in light of *Lopez v. Wilson, supra*, Petitioner should be denied a certificate of appealability and any motion to proceed on appeal *in forma pauperis*.

October 14, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).